DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARJA-LIISA OVERBECK (CABN 261707)
LEIF DAUTCH (CABN 283975)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    mari.overbeck@usdoj.gov
    leif.dautch@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-658 JD |
| Plaintiff, | **UNITED STATES' MEMORANDUM IN SUPPORT OF DISMISSAL WITHOUT PREJUDICE** |
| v. | |
| SATTAR QURAISH, | |
| Defendant. | |

In response to the Court's request for briefing (ECF No. 81), the United States of America, by and through its counsel of record, hereby files this memorandum in support of its request for leave to dismiss the above-captioned indictment and superseding indictment without prejudice.

**I.    ARGUMENT**

Federal Rule of Criminal Procedure 48(a) provides in pertinent part that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Although Rule 48(a) is silent on whether any such dismissal should be with or without prejudice, the Ninth Circuit Court of Appeals has recognized that "[d]ismissals by the government are generally presumed to be without prejudice,"

*United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005), and instructed that district courts are "duty bound" to grant Rule 48(a) motions to dismiss without prejudice unless the court "specifically determines that the government is operating in bad faith" in pursuing the motion. *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) ("If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion . . . ."); *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988) ("A fundamental consideration in assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in good faith") (internal quotations omitted).[1]

Importantly, the leave-of-court requirement in Rule 48(a) is not intended to impute to the government the burden of proving good faith. The government merely must articulate a factual basis for the requested dismissal, and, once it has done so, it is entitled to a presumption of good faith. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996) (a presumption of regularity supports the prosecutorial decisions of the government); *United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1989) ("We conclude that, in the dismissal of an indictment, information or complaint under Rule 48(a), the government is entitled to a presumption of good-faith."); *United States v. Welborn*, 849 F.2d 980, 983-84 (5th Cir. 1988) ("When a court considers a prosecutor's motion to dismiss it must begin with the presumption that the prosecutor acted in good faith . . . [t]his presumption is rooted in a proper respect for the constitutional division of power between the executive and judicial branches of government."); *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001) ("[T]he presumption of regularity supports [the government's] prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that the[ ] [government] ha[s] properly discharged [its] official duties.").[2]

---

[1] Rule 48(b) is not at issue here. It gives courts the power to dismiss if "unnecessary delay" occurs during any of the enumerated proceedings set forth in sub-sections (1)-(3), and such delay results in prejudice. Even under Rule 48(b), however, the Ninth Circuit has held that "such power should be utilized with caution . . . ." *United States v. Simmons*, 536 F.2d 827, 836 (9th Cir. 1976); *see also United States v. Yuan Qing Jiang*, 214 F.3d 1099, 1101 (9th Cir. 2000) (a Rule 48(b) dismissal "should be imposed only in extreme circumstances," particularly "when a dismissal is with prejudice") (internal quotations omitted).

[2] *See also United States v. Araiza*, No. CR-05-2084-LRS-3, 2008 WL 2152230, at *1 (E.D. Wash. May 21, 2008) ("In seeking a Rule 48(a) dismissal, the government is entitled to a "presumption of good faith.") (quoting *United States v. Welborn*, 849 F.2d 980, 984 (5th Cir. 1988)); *United States v.*

Indeed, due to issues involving the separation of powers, the Ninth Circuit has found that that the courts' supervisory role under Rule 48(a) is limited. *Hayden*, 860 F.2d at 1487 ("While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution."); *see also United States v. Gonzalez*, 58 F.3d 459, 462 (9th Cir. 1995) (finding that because "[t]he decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate," district courts should "grant considerable deference" to a prosecutor's request for dismissal."). Accordingly, the presumption of good faith is not easy to overcome and requires, for example, evidence of an attempt on the part of the government to bypass the denial of a continuance to gain a tactical advantage (*see, e.g.*, *Hayden*, 860 F.2d at 1488–89); evidence that the dismissal is motivated by an "intention that defense witnesses become unavailable" (*United States v. Gomez-Martinez*, No. 10CR2157-BTM, 2011 WL 2132721, at *2 n.2 (S.D. Cal. May 26, 2011)); or evidence that the dismissal is being used to obtain a "better" jury (*United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982)).[3]

None of these facts or circumstances (or any like them) is present here, nor is there any other evidence in the record that the government is seeking dismissal in this case for an improper purpose. The government has articulated the factual basis for its requested dismissal, namely, that without the expert testimony of its disclosed expert witness on narcotics distribution, it does not believe it has sufficient evidence at this time to prosecute the defendant. This is "a valid, non-conclusory reason for dismissal," and nothing more is required. *Araiza*, 2008 WL 2152230, at *1 (entering dismissal without prejudice where government's request was based on its representation that without the testimony of a confidential informant, it did not believe it had sufficient evidence to prosecute the defendant); *see also United States v. Maximov*, No. CR-08-368-PHX-DGC, 2009 WL 5174983, at *2 (D. Ariz. Dec. 17,

---

*Bringas-Beltran*, No. CR-07-1332-PHX-DGC, 2008 WL 2937780, at *1 (D. Ariz. July 23, 2008) ("In seeking dismissal under Rule 48(a), the Government is entitled to a presumption of good faith.") (internal quotations omitted) (citing *United States v. Garcia–Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000) (stating that "the presumption of regularity supports . . . prosecutorial decisions").

[3] Other examples of bad faith or improper motive (also not present here) include seeking dismissal due to "bribery, inconvenience to the prosecutor, or personal dislike for the victim of a crime." *Jacobo-Zavala*, 241 F.3d at 1014 (citing *United States v. Hamm*, 659 F.2d 624, 629-30 (5th Cir. 1981)).

2009) (granting dismissal without prejudice and finding no bad faith where prosecutor sought dismissal on eve of trial after explaining that while preparing for trial only days earlier, he discovered discrepancies between the testimony an FBI agent would give at trial and the testimony she gave to the grand jury that indicted the defendant); *United States v. W.R. Grace*, 429 F. Supp. 2d 1207, 1247 (D. Mont. 2006) (granting dismissal without prejudice and finding no improper purpose where government requested dismissal due to failure to allege an essential element of the charged count).

The defense is likely to argue that dismissal without prejudice would permit prosecutorial harassment due to the possibility of a future prosecution for the same offenses, resulting in a cloud of uncertainty that would follow the defendant. This argument is wrong. "Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges." *Hayden*, 860 F.2d at 1488; *see United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994) ("Customarily Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations"). The fact that a defendant might be reindicted is not evidence of bad faith, and it does not—in and of itself—provide a basis for denying the government's request for dismissal without prejudice and imposing in its place a dismissal with prejudice.[4]

Finally, the government anticipates that the defense will argue that it is entitled to additional discovery on the issue of whether this action should be dismissed with prejudice. Not so. The United States produced all required discovery in accordance with Federal Rule of Criminal Procedure 16 (and its discovery obligations under *Brady*, *Giglio*, and the Jenks Act) prior to entering a request for dismissal on November 3, 2020. The Court has stated that it intends to grant the dismissal (*see* ECF No. 81). No further production of discovery therefore is warranted. *See United States v. Pub. Warehousing Co. K.S.C.*, No. 1:09-CR-490-TWT/AJB, 2010 WL 6397552, at *5 (N.D. Ga. Oct. 5, 2010), report and

---

[4] The Ninth Circuit has recognized that "[c]riminal defendants are not entirely unprotected" during the period following dismissal without prejudice and potential reindictment because "[c]laims of prejudicial delay may be scrutinized under the due process clause of the fifth amendment" and "[d]efendants are also protected by the applicable statute of limitations." *Hayden*, 860 F.2d at 1486. Moreover, if a case is dismissed without prejudice and later reindicted, the defendant "retains the right upon reindictment to have the [original dismissal] ruling reviewed." *Welborn*, 849 F.2d at 984.

recommendation adopted sub nom. *United States v. Agility DGS Holdings, Inc.*, 2011 WL 1193974 (N.D. Ga. Mar. 30, 2011) (noting the defendant had "pointed to no authority, and the Court has not located any, which requires a defendant who is, has been or is going to be dismissed from a criminal action to nonetheless receive Rule 16 discovery materials.")[5]; *United States v. Sjodin*, No. CR-09-080-LRS, 2009 WL 2495193, at *1 (E.D. Wash. Aug. 12, 2009) (granting government's motion to dismiss without prejudice and ordering government to preserve all evidence related to its discovery obligations under Rule 16 in the event of reindictment).

## II.   CONCLUSION

The government's request for dismissal without prejudice was brought in good faith and is not being made for an improper purpose. The mere possibility that the defendant could be reindicted is not a basis upon which to deny the request or otherwise impose a dismissal with prejudice. Consequently, the government respectfully requests that this Court dismiss the indictment and superseding indictment without prejudice.

DATED: November 10, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

MARJA-LIISA OVERBECK
Assistant United States Attorney

---

[5] There, the defendant accused the government of dismissing to avoid complying with a discovery order, and requested that the government turn over the requested materials before entering a dismissal. The court stated that it failed to "see how the Government obtained a tactical advantage by withholding discovery production from [the defendant] once the Government decided not to continue to pursue charges against it," and further noted that "[i]n the event [the defendant] is re-indicted, it will obtain the full panoply of discovery rights under the Federal Rules of Criminal Procedure and the Constitution." *Id.* So too here.

MEMORANDUM ISO DISMISSAL WITHOUT
PREJUDICE                                                                 5
19-CR-658 JD